OF THE

## STATE OF NEW JERSEY.

MARCH TERM, 1912.

BOARD OF CHOSEN FREEHOLDERS OF CAMDEN COUNTY, DEFENDANT IN ERROR, v. JESSE SHARPLESS ET AL., PLAINTIFFS IN ERROR.

Submitted March 25, 1912—Decided November 18, 1912.

1. The exclusive possession of a part of a public highway by an individual, no matter how long continued, does not destroy the public easement therein. The right of the public to appropriate such portion of the highway to public use whenever their wants or convenience may require it, may be exercised whenever in the judgment of the public authorities it may be advisable to do so.
2. Ejectment will lie by the public authorities having charge of highways against a defendant who is the owner of the fee in the land upon which the public easement of way has been imposed, and who excludes the public from the use thereof.

On error to the Supreme Court.

For the plaintiffs in error, *Joseph Kaighn* and *French &
Richards.*

For the defendant in error, *George J. Bergen.*

The opinion of the court was delivered by .

GUMMERE, CHIEF JUSTICE.   This is an action of ejectment
brought by the board of freeholders of Camden county against
Jesse Sharpless and Allen R. Sharpless, to recover possession
of a strip of land in the city and county of Camden.

The declaration is in the general form prescribed by the
statute.   The plea is not guilty, except as to a portion of the
*locus in quo* which was conveyed by the defendants to the
county by a deed between the parties dated May 15th, 1908;
and excepting further, "the easement and right of the public
to use (the *locus in quo*) for the ordinary purposes of travel
and such other uses, if any, as the public acquire in a county
road, where part of such county road is a sidewalk;" and also
excepting "such estate and easement, if any, as the public and
the plaintiff, or either of them, have acquired in and to that
part of the *locus in quo* now used for the purpose of a bridge
over Cooper's creek."

The case was tried before the court without a jury, by con-
sent of counsel, upon an agreed state of facts, and resulted
in a finding that the right of possession was in the plaintiff.
Judgment was thereupon entered accordingly, and the validity
of that judgment is now questioned by the defendants.

The defendants, by their plea, only defend for that part of
the *locus in quo* which is not included in the conveyance from
them to the county; and, as to that part—so counsel states in
his brief—"only that which remains after the public easement
is taken out." By the nineteenth section of the Ejectment act
(*Comp. Stat., p.* 2057), if a plea be filed limiting the defence
to a part only . of the premises, the plaintiff is entitled to a
judgment that he recover possession of the part not defended
for.   So far, therefore, as the judgment relates to that part
of the *locus in quo* which is not embraced in the plea, the
claim that it is invalid is clearly unsubstantial.   It is only

necessary to consider whether the whole of the *locus in quo* is subject to the public easement of way; for, if it is, then the plea admits the right of the plaintiff to its possession.

By the agreed state of facts it appears that the *locus in quo* is a strip of land thirty-three feet in width, extending eastwardly from the low-water mark of Cooper's creek, and lying entirely within the lines of a public highway known as Federal street; that most of the strip has been in actual use by the public as a part of that highway, but that a portion of it immediately adjacent to Cooper's creek has not been so used, and, on the contrary, has been in the sole and exclusive possession and use of the defendants and their grantors; that Federal street crosses Cooper's creek upon a bridge constructed by the county board of freeholders, the width of which is much less than that of the highway; that the portion of the *locus in quo* which has not been actually used by the public lies between the southerly line of the highway and what would be the southerly line of the bridge if that line was projected; and that the board of freeholders now proposes to widen the bridge over Cooper's creek, and requires the whole width of the highway for the construction of necessary abutments and approaches.

The fact that the defendants have been in possession of a part of a public highway to the exclusion of the public does not destroy the public easement therein. The right of the public to appropriate the unused portion of a highway to public use whenever their wants or convenience may require it, is a continuing right to be exercised when the judgment of the public authorities may deem it advisable to do so; and the lapse of time will not impair that right. *South Amboy* v. *New York and Long Branch Railroad Co.,* 37 *Vroom* 623. Under the pleadings in the case, therefore, the judgment under review was entirely justified by the facts agreed upon.

It would seem from the brief of counsel for defendants that it was intended to raise by the plea the question whether a judgment in ejectment could be obtained by the public authorities having charge of highways against a defendant who was the owner of the fee in the land upon which a public

easement of way had been imposed. The plea, as drawn, does not raise the question, but, as the case was tried upon the merits, we consider it not improper to state that, since the decision of *Dummer* ads. *Den, ex dem. Selectmen of Jersey City, Spenc.* 86, decided in the year 1843, it has .been the settled law of this state that ejectment will lie against the owner of the fee of a public highway who deprives the public from the free and exclusive use thereof.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDEN-BURGH, CONGDON, WHITE, TREACY, JJ.    12.

*For reversal*—None.